**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WORTMAN CENTRAL AIR CONDITIONING COMPANY, | ) ) ) | Bankr. Case No. 03-74478 Chapter 7 |
| Appellant, | ) ) | |
| v. | ) ) | Case No. CIV-04-415-P |
| CLIFFORD CARLSON and LORETTA LOUISE CARLSON, | ) ) ) | |
| Appellees. | ) | |

**REPORT AND RECOMMENDATION**

This appeal arises from the Order entered by the United States Bankruptcy Court for this District on August 3, 2004 wherein the Bankruptcy Court determined that a materialman's lien filed by Appellant Wortman Central Air Conditioning Company ("Wortman") in Okmulgee County, Oklahoma was not properly perfected. As a result, the Bankruptcy Court found the lien was dischargeable in the Appellees Clifford and Loretta Carlson's (the "Carlsons") bankruptcy case. By Order entered by the presiding United States District Judge James H. Payne, this appeal has been referred to the undersigned for the entry of a Report and Recommendation based upon the briefs submitted by the parties.

On June 3, 2003, Wortman and the Carlsons entered into an agreement for Wortman to provide an air conditioner, furnace and coil to property on which the Carlsons resided. The agreement provided for the designated equipment to be installed at 5310 Albert Road, Mounds, Oklahoma in exchange for proceeds in the

amount of $6,500.00. The Carlsons had divided the property into three tracts, with three separate legal descriptions – only one of which was intended to have work performed on it by Wortman.

On June 10, 2003, Wortman last provided labor and materials to complete the work contemplated by the agreement. On July 11, 2003, Wortman filed a mechanics and materialman's lien, as provided by Oklahoma law, in the office of the County Clerk of Okmulgee County, Oklahoma. The lien stated, on its face, that it covered property described as:

> A part of Lot 11, Block 8, in Quail Creek North Section 1, a subdivision to Okmulgee County. (COMPLETE LEGAL DESCRIPTION IS ATTACHED)

The attachment to the lien states as follows:

> A part of Lot 11, Block 8, in Quail Creed South, Section 1, a subdivision to Okmulgee County, State of Oklahoma, described as follows: Commencing at the Southwest corner of the said Lot 11; thence North 0 degrees 32 minutes 30 seconds East along the West line of said Lot 11, a distance of 205.30 feet to the point of beginning; thence continuing North 0 degrees 32 minutes 30 seconds East along said West line a distance of 205.30 feet; thence North 90 degrees East parallel to the South line of said Lott 11, a distance of 424.37 feet; thence South 0 degrees 32 minutes 30 seconds West along the East line of said Lot 11 a distance of 205.37 feet; thence North 90 degrees West a distance of 424.37 feet to the point of beginning, subject to a 30 foot easement for read and utility easement along the East Boundary line.

> Warranty Deed filed August 6, 2002 Book 1729 page 542 Conveying ownership from Clifford L (sic) and Loretta L. Carlson to Robert E. and Regina M (sic) Weeks. (FAMILY TRANSACTION)

Wortman contends he obtained this legal description by calling the office of the County Clerk for Okmulgee County. The

description erroneously described the Carlsons' property where Wortman had performed work and provided materials. Rather, the description pertained to adjoining property owned by Robert and Regina Weeks (the "Weeks"), the daughter and son-in-law of the Carlsons. The Weeks property represented an undeveloped portion of the entire tract originally owned by the Carlsons. The only residence on the tract was that owned by the Carlsons where Wortman performed work and provided materials. The lien further identified the property described as being owned by the Weeks.

Also attached to the lien is an invoice listing the services provided by Wortman to "CLIFFORD CARLSON, PO BOX 359, MOUNDS, OK 74047" and the total value of the labor and equipment provided as $6,500.00. The "Job Address" is listed on the invoice as "5310 ALBERT RD, MOUNDS, OK 74047."

On December 4, 2003, Wortman filed a Partial Release of Materialman's or Mechanic's Lien, in an attempt to release the lien from the Weeks' property. However, the Weeks property was the only one identified on the lien. Wortman did not alter or amend the original lien to reflect the correct legal description for the Carlsons' property.

The Bankruptcy Court also found Wortman failed to offer evidence as to the value of the Carlsons' home or the equity in their property. As a result, the Bankruptcy Court found Wortman had failed to meet his burden under 11 U.S.C. § 362(g) of the

Bankruptcy Code.

Based upon its findings, the Bankruptcy Court determined that Wortman had failed to properly perfect his mechanic's and materialman's lien with regard to the air conditioning unit and labor installed at the Carlson's property. The Bankruptcy Court also concluded that the bankruptcy trustee could avoid the statutory lien on the Carlsons' property, since the lien was not properly perfected as against a bona fide purchaser as required by 11 U.S.C. § 545(2). The Bankruptcy Court then discusses the resulting inequity in its Order, given that the Carlsons essentially received free equipment and labor as a result of the unperfected lien.

In its appeal, Wortman contends the Bankruptcy Court erred in finding its lien was not in substantial compliance with Oklahoma's perfection law. Wortman also asserts the mechanic's and materialman's lien is not a judicial lien which is capable of avoidance under the bankruptcy laws and the Bankruptcy Court's finding to the contrary represents reversible error.

This Court exercises jurisdiction over this appeal pursuant to 28 U.S.C. §158(a). On appeal, this Court reviews the findings of fact of the Bankruptcy Court for clear error and its legal conclusions de novo. In re Hedged-Investments Associates, Inc., 84 F.3d 1286, 1288 (10th Cir. 1996) citing Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994).

4

**Sufficiency of Perfection of Lien**

Under Oklahoma law, a lien such as the one claimed by Wortman in this case is perfected in the following manner:

> Any person claiming a lien as aforesaid shall file in the office of the county clerk of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the names of the owner, the contractor, the claimant, and a legal description of the property subject to the lien, verified by affidavit.

42 Okl.St.Ann. § 142.

In order for a lien to attach under this statute, a party asserting the lien must follow "at least substantially, the provisions of the statute regulating the fixing of such lien." Holland v. Robbins, 219 P. 387, 388 (Okla. 1923). Necessarily, some leniency has been found in errors in the lien filing. The Oklahoma Supreme Court has found

> It is not required that the legal description used be precise in every detail. Substantial compliance with the lien statute will be found when the description used would enable a person familiar with the property to identify the premises intended to be impressed with lien or would put the party named on inquiry notice--i.e., give the named party enough notice that he should make inquiry about what land the lien is intended to cover.

K & H Well Service, Inc. v. Tcina, Inc., 51 P.3d 1219, 1226 (Okla. 2002).

Wortman's dilemma in this case is twofold: first, the legal description attached to the lien statement not only describes property other than where the services were performed but also expressly identifies the Weeks as the owners of the property

5

described. The second problem from Wortman's perspective is an unfortunate interplay between the Bankruptcy Code and Oklahoma law. The Bankruptcy Code imparts a bankruptcy trustee's lien avoidance powers to the debtors. 11 U.S.C. § 522(h). As a result, the debtors' knowledge concerning the validity of the lien and the identity of the property to which the lien was to have attached is irrelevant. Rather, knowledge is viewed from the perspective of a third party bona fide purchaser. 11 U.S.C. § 545. Thus, Wortman's arguments concerning the Carlsons' knowledge as to the property where the work was performed is of no moment to this Court's determination. Having found the legal description attached to the lien statement to be faulty beyond a mere technicality, this Court must agree with the Bankruptcy Court that the lien filed by Wortman did not substantially comply with the perfection requirements of 42 Okla. Stat. Ann. § 142 and is, therefore, unenforceable.

**Lien Avoidance**

As stated, the Carlsons may take advantage of the trustee's lien avoidance authority as to liens against exempt property. 11 U.S.C. § 522(h). Since the lien was not properly perfected under Oklahoma law, the trustee, and by extension the Carlsons, may avoid the lien asserted by Wortman. 11 U.S.C. § 545(2).

Wortman's attempt to distinguish between statutory and judicial liens is irrelevant. The Carlsons are not employing their own avoidance powers under 11 U.S.C. § 522(f) as Wortman mistakenly

6

argues. Rather, they are by statutory proxy utilizing the trustee's powers to avoid unperfected liens.

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that the decision of the Bankruptcy Court be **AFFIRMED**.

The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 16th day of May, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE